IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KATHY WILLIAMS and DERREST WILLIAMS, as guardians of BRETT WILLIAMS,<br><br>Plaintiffs,<br><br>VS.<br><br>E.L.G. IRELAND ALLOYS, INC. f/k/a IRELAND ALLOYS, INC. and E.L.G. HANIEL METALS CORP. d/b/a E.L.G. METALS INC.,<br><br>Defendants. | §§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. H-12-0853 |

**MEMORANDUM AND ORDER**

This is a personal-injury, premises-liability lawsuit removed from Texas state court. (Docket Entry No. 1). The plaintiffs are Kathy and Derrest Williams, as guardians of their now 20-year-old son; the defendants are E.L.G. Ireland Alloys, Inc., formerly known as Ireland Alloys, Inc., and the company that owns E.L.G. Ireland's stock, E.L.G. Haniel Metals Corporation. According to the plaintiffs' May 2012 amended complaint, the plaintiffs owned and operated a commercial-storage facility in Houston. Their facility was next to E.L.G. Ireland's metal-processing plant. (Docket Entry No. 11, ¶ 8). Kathy Williams worked regularly at the storage facility from 1989 through 2003. (*Id.*, ¶ 19). According to the plaintiffs, from 1980 to 1998, the E.L.G. Ireland plant released toxic substances that contaminated the soil, groundwater, and surface water at both the plant and the plaintiffs' facility. (*Id.*, ¶¶ 9, 17). As a result, Kathy Williams was exposed to these contaminants during her pregnancy. The plaintiffs allege that this exposure caused the baby to have seizures, mental retardation, and speech delays. (*Id.*, ¶¶ 21–22). The plaintiffs have asserted causes of action for negligence, gross negligence, and fraud and fraudulent concealment directly against E.L.G. Ireland and seek to hold E.L.G. Metals liable through an alter ego theory. (*Id.*, ¶¶ 49–60).

E.L.G. Metals has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), for misjoinder under Rule 21, or for summary judgment under Rule 56. (Docket Entry No. 14, at 1 & n.1). E.L.G. Metals notes that the only allegations against it are for vicarious liability for the claims pleaded against E.L.G. Ireland, based on piercing the corporate veil.

E.L.G. Metals seeks dismissal under Rule 12(b)(6) because of the plaintiffs' alleged failure to plead the necessary elements for piercing the corporate veil. (*Id.*, ¶¶ 26, 29). E.L.G. Metals argues that Michigan law on veil piercing applies because E.L.G. Ireland is a Michigan corporation. Under Michigan law, according to E.L.G. Metals, the plaintiffs must plead that: "(1) the corporate entity is a mere instrumentality of another individual or entity; (2) the corporate entity was used to commit a wrong or fraud; and (3) there was an unjust injury or loss to the plaintiff." (*Id.*, ¶ 27 (quoting *Lakeview Commons v. Empower Yourself, LLC*, 802 N.W.2d 712, 717 (Mich. Ct. App. 2010)).

Under Michigan law, "there is no single rule delineating when the corporate entity may be disregarded, the entire spectrum of relevant facts form the background for such an inquiry, and the facts are to be assessed in light of the corporation's economic justification to determine if the corporate form has been abused." *Florence Cement Co. v. Vittraino*, 807 N.W.2d 917, 922 (Mich. Ct. App. 2011) (internal quotation marks and alterations omitted). The amended complaint alleges that the two companies have common directors and executives; that the two companies are not used for different purposes; that the two companies' daily operations are not kept separate; that E.L.G. Ireland is inadequately capitalized; and that E.L.G. Metals finances and completely controls E.L.G. Ireland. (*See* Docket Entry No. 11, ¶¶ 53–60). These allegations, taken as true, do not support dismissal on the basis urged by E.L.G. Metals.

E.L.G. Metals also has moved for misjoinder under Rule 21. Misjoinder is not a ground for dismissing an action, although it can be a basis for dropping a party. *See* FED. R. CIV. P. 21. Under Rule 20, a defendant is properly joined in an action with other defendants if "(A) any right to relief

2

is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). The claims alleged in the amended complaint appear to meet the Rule 20 requirements. Dropping E.L.G. Metals at this stage is not warranted.

In its motion, E.L.G. Metals attached an affidavit by its Chief Financial Officer (who is also E.L.G. Ireland's Chief Financial Officer). This affidavit describes the separate corporate structure of the two companies and the continued corporate existence of E.L.G. Ireland. It also emphasizes that E.L.G. Metals had no affiliation with the E.L.G. Ireland plant from 1989 through 2003; that E.L.G. Metals did not acquire the stock of E.L.G. Ireland until July 1998; and that the activities at issue at the plant ended in 1999. (*See* Docket Entry No. 14, Ex. A). The attachment of this affidavit, in addition to the fact-based nature of an inquiry into veil piercing, make clear that the issues should be addressed through a summary-judgment motion under Rule 56. *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). At the August 31, 2012 initial pretrial conference, the court will address the nature and extent of the discovery that might be required for the parties to present and the court to decide whether E.L.G. Metals could be found vicariously liable for the conduct of E.L.G. Ireland.

E.L.G. Metals's motion to dismiss or for misjoinder, (Docket Entry No. 14), is denied. A discovery and briefing schedule for the motion for summary judgment will be set at the Rule 16 Conference on **August 31, 2012**.

SIGNED on June 22, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge